IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HARRY W. ANDERSON, | § | |
| | § | |
| Defendant Below- | § | No. 384, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID 0511001605 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: August 17, 2015
Decided: October 19, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

### **O R D E R**

This 19th day of October 2015, upon consideration of the appellant's opening brief, the State's motion to affirm, and the appellant's response, it appears to the Court that:

(1)   The appellant, Harry Anderson, filed this appeal from a Superior Court order, docketed July 2, 2015,[1] denying his motion for correction of sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Anderson's opening brief that his appeal is without merit. We agree and affirm.

---

[1] The order was incorrectly dated July 2, 2014.

(2)     Anderson pled guilty in 2006 to one count of Assault in the Second Degree and was sentenced to eight years at Level V incarceration, to be suspended after serving one year in prison for two years of probation.  Since that time, Anderson has committed four different violations of his probation and has been resentenced each time.  He has filed numerous unsuccessful petitions challenging his sentence.

(3)     In this appeal from the Superior Court's denial of his latest motion for correction of sentence, Anderson's convoluted argument relates solely to his first VOP sentence.  That order, dated March 9, 2007, sentenced Anderson on his first VOP to six years and six months at Level V incarceration, until the completion of an evaluation by the Treatment Access Center and then the Level V time was to be suspended for two years at Level IV (home confinement or residential drug treatment), to be suspended after six months for the balance to be served at Level III probation.  The Superior Court explicitly retained jurisdiction to issue a modified sentencing order upon receipt of the TASC evaluation.  The Superior Court issued its modified sentencing order on April 3, 2007.  The court reimposed the same six and a half year prison sentence, to be suspended immediately for two years at the Level IV Crest Program, to be suspended upon successful completion of Crest for the balance to be served at Level III Crest Aftercare.

(4)     Although it is not entirely clear, Anderson appears to argue in this appeal that the Superior Court's March 9, 2007 VOP sentencing order created a binding contract that prohibited the court from later modifying his sentence or reimposing any of his suspended Level V time.  According to Anderson, once TASC completed the evaluation required by the March 9, 2007 order, all of the Level V time remaining on Anderson's original sentence was immediately suspended and could not be reimposed by the Superior Court upon a finding of a later VOP.

(5)     Given the Superior Court's express retention of jurisdiction to issue a modified sentencing order upon completion of the TASC evaluation, Anderson's argument clearly is frivolous.  Moreover, the time to challenge the Superior Court's first VOP sentencing order or modified sentencing order is long past. Anderson never appealed from either sentencing order.  He is precluded from doing so now.[2]

(6)     Since his initial guilty plea and sentence in 2006, which he never appealed, Anderson has filed more than two dozen petitions in the Superior Court seeking various forms of postconviction relief under Superior Court Criminal Rules 35 and 61, as well as habeas corpus relief.  He has appealed many of those

---

[2] *See Anderson v. State*, 2014 WL 3511715 (Del. July 14, 2014) (holding that the only order to be reviewed on appeal was a modified fourth VOP sentencing order and noting that Anderson was precluded from raising issues as to his second, third, and fourth VOP sentences).

rulings to this Court. We conclude that Anderson's repetitive filings, most of which had no merit, constitute an abuse of the judicial process. Accordingly, he is enjoined from filing any future appeals or writs in this Court relating to Cr. ID 0511001605 without first filing a motion to proceed *in forma pauperis* containing the certifications required by 10 *Del. C.* §8803(e) and obtaining leave of the Court to proceed.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

4